IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE: A NOTICE TO THE FEDERAL DISTRICT COURT OF LOUISIANA,<br><br>                    Plaintiff,<br><br>    vs.<br><br><br><br>                    Defendant. | CIV. NO. 22-00082 RT-NONE<br><br>FINDINGS AND RECOMMENDATION FOR DISMISSAL WITHOUT PREJUDICE |

**FINDINGS AND RECOMMENDATION
FOR DISMISSAL WITHOUT PREJUDICE**

On February 24, 2022, Saiyid Hassan Ali ("Mr. Ali"), proceeding pro se, commenced this action by filing a document titled A Notice to the Federal District Court of Louisiana ("Pleading").  ECF No. 1.  The Pleading is largely incomprehensible and nonsensical.  Based on the title, the Pleading appears to be directed at the Federal District Court of Louisiana.  There is no statement of jurisdiction or whether venue is appropriate, there does not appear to be any clearly articulated claims and there is/are no named defendant(s).

Also on February 24, 2022, the district court issued a Deficiency Order, which granted Mr. Ali twenty-eight days to either pay the filing fee or submit a

completed application to proceed in forma pauperis ("Application").  ECF No. 2.  The deadline to either pay or submit an Application was March 31, 2022[1] and has passed without compliance.[2]  The Deficiency Order states that "[f]ailure to [meet the deadline] will result in **AUTOMATIC DISMISSAL**[ ] of this action for failure to prosecute or otherwise follow a court order."  Id. at PageID #: 4.  Accordingly, this case should be **AUTOMATICALLY DISMISSED** pursuant to the Deficiency Order.

Nevertheless, even if Mr. Ali had timely remitted payment or demonstrated that he is unable to pay the filing fee and may proceed in forma pauperis, the Pleading should be DISMISSED as (1) the court lacks jurisdiction and (2) the Pleading fails to state a claim.

## DISCUSSION

The Court may deny Plaintiff leave to proceed in forma pauperis and dismiss the complaint if on the face of the complaint, the Court finds that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or

---

[1] The Deficiency Order was filed on February 24, 2022, but it was entered into the docket in this case on March 3, 2022.  ECF No. 2.  The Court used the later date of the two, the entering date of March 3, 2022, to calculate the twenty-eight-day deadline set forth in the Deficiency Order.

[2] It appears that Mr. Ali may believe that he has complied with the Deficiency Order by paying the filing fee through a promissory note, a bill of exchange or a letter of credit.  ECF No. 17 at PageID #: 190.  These methods do not constitute payment.

(3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); see Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998).   When screening and evaluating the Complaint as to whether it states a viable claim, the Court must apply the pleading standard under Federal Rule of Civil Procedure ("FRCP") 8 as it does in the context of an FRCP 12(b)(6) motion to dismiss.  See Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012).

FRCP 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction", "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought[.]"  Fed. R. Civ. P. 8(a)(1)-(3).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "The Federal Rules require that averments 'be simple, concise and direct.'"  McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).  FRCP 8 does not demand detailed factual allegations.  However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citation omitted).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v.

3

Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft, 556 U.S. at 678.

As Mr. Ali is proceeding pro se, the Court shall construe the Pleading liberally.  Bernhardt v. Los Angeles Cty., 339 F.3d 920, 925 (9th Cir. 2003).  Despite using a liberal approach, the Court nevertheless recommends that the district court dismiss this case.  First, the Pleading fails to allege any basis for the Court's jurisdiction.  Federal courts are presumed to lack subject matter jurisdiction, and the party asserting jurisdiction bears the burden of establishing that this Court has subject matter jurisdiction.  See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  If the Court lacks subject matter jurisdiction, an action must be dismissed.  Fed. R. Civ. P. 12(h)(3).  In this case, the Pleading does not allege a statement of jurisdiction nor do any facts show that subject matter jurisdiction exists.

Second, the Pleading fails to state any claim upon which relief can be granted.  The Pleading is largely incomprehensible, illogical and nonsensical.  The Court is unable to discern any content that either identifies a specific, viable claim or can be liberally construed as asserting a claim.  As such, the Pleading should be dismissed.  Normally, "pro se [litigants] proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is absolutely clear that the

deficiencies of the complaint could not be cured by amendment." Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987) (internal quotation marks and citation omitted).  However, in this case, Mr. Ali did not submit an application to proceed in forma pauperis and the Dismissal Order makes it clear that failure to meet the deadline to either pay the filing fee or submit an application would result in an automatic dismissal.  Thus, the Court does not find that an opportunity to amend is appropriate in this case.

## CONCLUSION

This Court **RECOMMENDS** that the district court **AUTOMATICALLY DISMISS** this case due to Mr. Ali's failure to comply with the deadline to either pay the filing fee or seek to proceed in forma pauperis as required by the district court's Dismissal Order.  However, even if Mr. Ali timely submitted an in forma pauperis application or paid the filing fee, the Pleading should be dismissed for lack of jurisdiction and failure to state a claim.

Due to the lack of full consent of the parties under 28 U.S.C. § 636(c), the Clerk of Court is directed to REASSIGN this case to a district judge.

//

//

//

//

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, April 5, 2022.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 22-00082 RT-None; *In Re: A Notice to the Federal District Court of Louisiana*; Findings and Recommendation for Dismissal Without Prejudice